GILHAM (WELFORD v.). See Case No. 17,376.

---

## Case No. 5,424a.
### GILKERSON et al. v. HAMILTON.
[1 Am. Law. Mag. 35.]

Circuit Court, E. D. Arkansas. 1882.

ASSIGNMENT FOR BENEFIT OF CREDITORS—BADGES OF FRAUD.

[1. Payment by an insolvent of a just debt to his assignee at the time of making the assignment is a quasi bribe and a badge of fraud.]

[2. The omission of schedules and inventory by an insolvent merchant making an assignment is a badge of fraud.]

[3. Delivery of assets to the assignee before he has qualified himself to take possession by filing the inventory and bond is a fraudulent conveyance.]

[4. Concealment of a large sum in cash at the time of making an assignment renders the instrument of assignment fraudulent and void.]

[This was a suit in bankruptcy by Gilkerson and Sloss against P. C. Hamilton.]

P. C. Hamilton, a merchant of Prescott, Arkansas, becoming insolvent, made a general assignment for the benefit of his creditors to J. H. Arnold, as assignee, the assignment conveying all the assignor's property, real and personal, wherever found. On the day the assignment was executed, or the previous day, Hamilton paid to Arnold a debt he owed him of $2,000 in cash. A few weeks after the execution of the assignment, Hamilton, becoming very ill, admitted to a friend that he had money buried in a glass jar under his corn crib in his yard, and directing that it be delivered to his assignee, stating at the same time that he intended to make this an addition to his assignment. The friend found in the place designated $3,030, in gold, silver and currency, and surrendered the same to the assignee to be administered under the assignment. There were no schedules attached to the assignment, and the assignee took possession of the assigned assets before filing the inventory or bond with the probate clerk, as required by the statute, before the assignee should be entitled to take

---

possession and there was no inventory taken at the time.

Held (CALDWELL, District Judge): 1. The payment by the insolvent assignor to his assignee of a just debt, when made at the time of the assignment is a quasi bribe, and a badge of fraud.

2. The omission of schedules to the assignment, as well as of an inventory, is a badge of fraud.

3. The delivery of the assets to the assignee before he had qualified himself to take possession, by filing the inventory and bond, was a fraudulent conveyance.

4. The concealment of the $3.030 was part and parcel of the same transaction as the assignment, and rendered the instrument of assignment fraudulent and void.